IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 25- 190 |
| | ) | |
| EDWARD ARTHUR OWENS, JR. | ) | |

**FILED**
JUL 15 2025
CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

### INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Troy Rivetti, Acting United States Attorney for the Western District of Pennsylvania, and Carl J. Spindler, Assistant United States Attorney for said district, and submits this Indictment Memorandum to the Court:

### I. THE INDICTMENT

A federal grand jury returned a two-count indictment against the above-named defendant for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| One | Interstate Threat<br>On or about May 20, 2025 | 18 U.S.C. § 875(c) |
| Two | False Statement to a Government Agent<br>On or about May 30, 2025 | 18 U.S.C. § 1001(a)(2) |

### II. ELEMENTS OF THE OFFENSES

**A. As to Count One:**

In order to establish the crime of Interstate Threat, in violation of 18 U.S.C. § 875(c), the government must prove all of the following essential elements beyond a reasonable doubt:

1. That the defendant consciously disregarded a substantial risk that his communication would be viewed as threatening to injure the person of another;

2. That the message contained a true threat to injure the person of another; that is, the defendant transmitted a communication that a reasonable person would view as a threat; and

3. That the threat was communicated in interstate commerce.

**B. As to Count Two:**

In order to establish the crime of False Statement to a Government Agent, in violation of 18 U.S.C. § 1001(a)(2), the government must prove all of the following essential elements beyond a reasonable doubt:

1. That the defendant made a statement or representation;

2. That the statement or representation was false, fictitious or fraudulent;

3. That the statement or representation was material;

4. That the false, fictitious or fraudulent statement was made knowingly and willfully; and

5. That the statement or representation was made in a matter within the jurisdiction of the executive, legislative or judicial branch of the Government of the United States.

### III. PENALTIES

**A. As to Count One: Interstate Threat (18 U.S.C. § 875(c)):**

1. A term of imprisonment of not more than five years.

2. A fine of not more than $250,000.00.

3. A term of supervised release of not more than three years.

**B. As to Count Two: False Statement to a Government Agent (18 U.S.C. § 1001(a)(2)):**

1. A term of imprisonment of not more than five years.

2. A fine of not more than $250,000.00.

3. A term of supervised release of not more than three years.

### IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

### V. RESTITUTION

Restitution may be ordered in this case, together with any authorized penalty, as part of the defendant's sentence pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.

### VI. FORFEITURE

Forfeiture may be applicable in this case.

Respectfully submitted,

TROY RIVETTI
Acting United States Attorney


*s/ Carl J. Spindler*
CARL J. SPINDLER
Assistant U.S. Attorney
PA ID No. 325867

3