U.S. Department of Justice

*United States Attorney*
*Western District of Pennsylvania*

---

*Joseph F. Weis, Jr. U.S. Courthouse*
*700 Grant Street*
*Suite 4000*
*Pittsburgh, Pennsylvania 15219*                *412/644-3500*

November 28, 2025

Samir Sarna, Esquire
Worgul, Sarna & Ness, LLC
429 Fourth Ave., Suite 1700
Pittsburgh, PA  15219

Re:   United States of America v.
      Edward A. Owens, Jr.
      Criminal No. 25-190

Dear Mr. Sarna:

This letter sets forth the agreement by which your client, Edward A. Owens, Jr., will enter a plea of guilty in the above-captioned case. The letter represents the full and complete agreement between Edward A. Owens, Jr. and the First Assistant United States Attorney for the Western District of Pennsylvania, by delegation. The agreement does not apply to or bind any other federal, state, or local prosecuting authority.

Upon entering a plea of guilty, Edward A. Owens, Jr., will be sentenced under the Sentencing Reform Act, 18 U.S.C. § 3551, et seq. and 28 U.S.C. § 991, et seq. The Sentencing Guidelines promulgated by the United States Sentencing Commission will be considered by the Court in imposing sentence. The facts relevant to sentencing shall be determined initially by the United States Probation Office and finally by the United States District Court by a preponderance of the evidence.

      A.    The defendant, Edward A. Owens, Jr., agrees to the following:

           1.    The defendant will enter a plea of guilty to Counts One and Two of the Indictment at Criminal No. 25-190, charging him with violating 18 U.S.C. §§ 875(c) and 1001(a)(2), respectively, pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

LIMITED OFFICIAL USE

2. The defendant will pay restitution under 18 U.S.C. §§ 3663, 3663A and 3664 to the victim and/or other persons or parties authorized by law in such amounts, at such times, and according to such terms as the Court shall direct.

   The defendant agrees that restitution and any other financial obligations imposed by the Court are due and payable immediately after the judgment is entered, and subject to immediate enforcement, in full, by the United States. If the Court imposes a schedule of payments, the defendant agrees that the schedule of payments is a schedule of the minimum payments due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full.

   Upon request of the United States, the defendant agrees to provide all information regarding the defendant's income, assets, and financial status, and that of the defendant's household. If requested, the defendant agrees to submit to an interview and/or deposition as to these matters and to undergo a polygraph examination. Upon request, the defendant agrees to complete a sworn financial statement and to provide all documents under the defendant's possession or control regarding the defendant's financial resources. The defendant authorizes the United States to obtain a credit report pertaining to him.

3. The defendant will immediately notify the Court and the United States of any improvement in the defendant's economic circumstances that might increase the defendant's ability to pay restitution and that occurs from the date of this agreement until the completion of the defendant's sentence, including any term of supervised release.

4. The defendant will voluntarily forfeit to the United States all property subject to forfeiture under 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), including but not limited to the following:

   (a) A Smith & Wesson, Model M&P 9 Shield, 9mm caliber pistol, bearing Serial Number JCK8714; and

   (b) Ammunition of various calibers.

5. The defendant acknowledges that the above-described property is property used or intended to be used, in any manner or part, to commit, and/or facilitate the commission of the offenses charged at Counts One and Two of the Indictment.

6. The defendant acknowledges that the above-described property is presently the subject of a criminal forfeiture action at the above-captioned criminal

case number and the defendant herewith voluntarily consents to the Court entering an order of forfeiture of said property to the United States.

7. The defendant consents to the destruction of the following electronic devices seized from his person and vehicle:

    (a) One red iPhone SE, Model MMX73LL/A, Serial No. JK65T2XGYF;

    (b) One black iPhone 8, Model MQ722LL/A, Serial No. FFPZJEEWJC6C; and

    (c) One gold iPad Mini 4, Model MK9Q2LL/A, Serial No. F9FQN17WGHKL.

8. If the Court imposes a fine or restitution as part of a sentence of incarceration, Edward A. Owens, Jr. agrees to participate in the United States Bureau of Prisons' Inmate Financial Responsibility Program, through which 50% of the defendant's prison salary will be applied to pay the fine or restitution.

9. At the time Edward A. Owens, Jr. enters the defendant's plea of guilty, he will deposit a special assessment of $200 in the form of cash, check, or money order payable to "Clerk, U.S. District Court." In the event that sentence is not ultimately imposed, the special assessment deposit will be returned.

10. Edward A. Owens, Jr. waives any former jeopardy or double jeopardy claims he may have in or as a result of any related civil or administrative actions.

11. Edward A. Owens, Jr. waives the right to take a direct appeal from the defendant's conviction or sentence under 28 U.S.C. § 1291 or 18 U.S.C. § 3742, subject to the following exceptions:

    (a) If the United States appeals from the sentence, Edward A. Owens, Jr. may take a direct appeal from the sentence.

    (b) If (1) the sentence exceeds the applicable statutory limits set forth in the United States Code, or (2) the sentence unreasonably exceeds the guideline range determined by the Court under the Sentencing Guidelines, Edward A. Owens, Jr. may take a direct appeal from the sentence.

Defendant further waives the right to file a motion to vacate sentence under 28 U.S.C. § 2255, attacking the defendant's conviction or sentence and the

right to file any other collateral proceeding attacking the defendant's conviction or sentence.

Nothing in the foregoing waiver of rights shall preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum, if otherwise permitted by law. The defendant understands that the government retains its right to oppose any such claim on procedural or substantive grounds.

12. In the event the judgment of conviction and sentence entered as a result of this plea agreement does not remain in full force and effect for any reason, the government may reinstate any charges dismissed or reduced pursuant to this plea agreement. In the event of reinstatement, the defendant waives any claim of double jeopardy, statute of limitations, speedy trial, or similar objections to any count reinstated.

13. Edward A. Owens, Jr. further agrees that he and his agents shall not have contact with Victim 1 or any member of Victim 1's household by telephone, mail, text, or any other direct or indirect communications such as through social media or third parties.

B. In consideration of and entirely contingent upon the provisions of Parts A and C of this agreement, the First Assistant United States Attorney for the Western District of Pennsylvania, by delegation, agrees to the following:

1. The United States retains the right of allocution at the time of sentencing to advise the sentencing Court of the full nature and extent of the involvement of Edward A. Owens, Jr. in the offenses charged in the Indictment and of any other matters relevant to the imposition of a fair and just sentence, including victim impact.

2. The United States agrees to recommend a two-level downward adjustment for acceptance of responsibility and, pursuant to U.S.S.G. § 3E1.1(b), to move for an additional one-level adjustment should the Court find that the defendant's total offense level under the Sentencing Guidelines is 16 or greater. However, if at any time prior to imposition of the sentence, the defendant fails to fully satisfy the criteria set forth in U.S.S.G. § 3E1.1 or acts in a manner inconsistent with acceptance of responsibility, the United States will not make or, if already made, will withdraw this recommendation and motion.

3. The United States will take any position deemed appropriate in the course of any appeals from the sentence or in response to any post-sentence motions.

  C. Edward A. Owens, Jr. and the First Assistant United States Attorney, by delegation, further understand and agree to the following:

    1. The penalty that may be imposed upon Edward A. Owens, Jr. as to Count One is:

      (a) A term of imprisonment of not more than five years (18 U.S.C. § 875(c));

      (b) A fine of not more than $250,000 (18 U.S.C. § 3571(b)(3));

      (c) A term of supervised release of not more than three years (18 U.S.C. § 3583(b)(2));

      (d) A special assessment under 18 U.S.C. § 3013 of $100; and

      (e) Mandatory restitution under 18 U.S.C. §§ 3663A and 3664.

    2. The penalty that may be imposed upon Edward A. Owens, Jr. as to Count Two is:

      (a) A term of imprisonment of not more than five years (18 U.S.C. § 1001(a));

      (b) A fine of not more than $250,000 (18 U.S.C. § 3571(b)(3));

      (c) A term of supervised release of not more than three years (18 U.S.C. § 3583(b)(2)); and

      (d) A special assessment under 18 U.S.C. § 3013 of $100.

    3. The parties stipulate that pursuant to § 2A6.1(a)(1) of the Sentencing Guidelines, the defendant's base offense level is 12. The parties further stipulate that the base offense level should be raised by three levels under § 3A1.1(a) (hate crime motivation).

      This agreement is not binding on the Court and does not preclude either party from seeking guideline enhancements or reductions as to factors which are not the subject of the stipulations.

    4. The parties agree that the willful failure to pay any fine imposed by the Court may be treated as a breach of this plea agreement. Edward A. Owens, Jr. acknowledges that the willful failure to pay any fine may subject him to additional criminal and civil penalties under 18 U.S.C. § 3611 et seq.

5. This agreement does not preclude the government from pursuing any civil or administrative remedies against Edward A. Owens, Jr. or the defendant's property.

6. If, at any time after this plea agreement is signed and prior to sentencing, the defendant (i) commits any additional federal, state, or local offense; or (ii) breaches any term of this plea agreement, the United States may at its discretion be released from its obligations under this agreement and the defendant's guilty plea, if already entered, will stand. In that event, the United States will be entitled to seek a sentence other than agreed-upon, reinstate previously dismissed or reduced charges and/or pursue additional charges against the defendant. The defendant waives any claim of double jeopardy, statute of limitations, speedy trial, or similar objections to any count reinstated.

    Any alleged breach of this plea agreement shall be determined by agreement of the parties or by the Court. A breach of this plea agreement shall be established by a preponderance of the evidence.

7. Pursuant to the Standing Order of the United States District Court dated May 31, 2017, all plea letters shall include a sealed Supplement. The sealed Supplement to this plea letter is part of the agreement between the parties hereto.

This letter sets forth the full and complete terms and conditions of the agreement between Edward A. Owens, Jr. and the First Assistant United States Attorney for the Western District of Pennsylvania, by delegation, and there are no other agreements, promises, terms or conditions, express or implied.

Very truly yours,

*Troy Rivetti*
TROY RIVETTI
First Assistant United States Attorney

*Carl J. Spindler*
CARL J. SPINDLER
Assistant United States Attorney

Page 7

I have received this letter from my attorney, Samir Sarna, Esquire, have read it and discussed it with him, and I understand the terms of the Agreement. I hereby accept it and acknowledge that it fully sets forth my agreement with the Office of the United States Attorney for the Western District of Pennsylvania. I affirm that there have been no additional promises or representations made to me by any agents or officials of the United States in connection with this matter.

_____
EDWARD A. OWENS, JR.

_____1-12-26_____
Date

Witnessed by:

_____
SAMIR SARNA, ESQUIRE
Counsel for Edward A. Owens, Jr.