AO 245B (Rev. 11/25)    Judgment in a Criminal Case
                        Sheet 1

# UNITED STATES DISTRICT COURT
Western District of Pennsylvania

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
| v. | ) | |
| EDWARD ARTHUR OWENS, JR. | ) | Case Number:  2:25-cr-190-001 |
| | ) | USM Number:  86412-511 |
| | ) | S. Sarna, Esq. |
| | ) | Defendant's Attorney |

## THE DEFENDANT:

☑ pleaded guilty to count(s)    1 & 2

☐ pleaded nolo contendere to count(s)
   which was accepted by the court.

☐ was found guilty on count(s)
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 875(c) | Interstate threat | 5/20/2025 | 1 |
| 18 U.S.C. § 1001(a)(2) | False Statements to a Government Agent | 5/30/2025 | 2 |

The defendant is sentenced as provided in pages 2 through    8    of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s)                              ☐ is    ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

6/9/2026

Date of Imposition of Judgment

s/Nora Barry Fischer

Signature of Judge

Nora Barry Fischer, Senior U.S. District Judge

Name and Title of Judge

6/9/2026

Date

AO 245B (Rev. 11/25)  Judgment in Criminal Case
        Sheet 2 — Imprisonment

Judgment — Page __2__ of __8__

DEFENDANT:   EDWARD ARTHUR OWENS, JR.
CASE NUMBER:   2:25-cr-190-001

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:
30 months at each of Counts 1 & 2 of the Indictment at Criminal No. 25-190; said terms of imprisonment shall run concurrently.

☑ The court makes the following recommendations to the Bureau of Prisons:
1. Def be granted credit for time served, if eligible;2. Def be incarcerated as near to Pittsburgh, PA, and FCI Elkton, if eligible;3. Def be given a job in prison and receive any available educational/vocational training, if eligible;4. Def be provided counseling/treatment for alcohol and substance abuse, incl. RDAP, if eligible; 5. Def be provided with a mental health assessment and counseling/treatment for mental and emotional health issues, incl. anger management

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
    DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 11/25)  Judgment in Criminal Case
        Sheet 2 — Imprisonment

AO 245B (Rev. 11/25)  Judgment in a Criminal Case
              Sheet 3 — Supervised Release

Judgment—Page   3   of   8

DEFENDANT:  EDWARD ARTHUR OWENS, JR.
CASE NUMBER:  2:25-cr-190-001

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:

3 years, at each of Counts 1 & 2 of the Indictment at Criminal No. 25-190; said terms shall run concurrently.

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (Rev. 11/25)   Judgment in a Criminal Case
Sheet 3A — Supervised Release

Judgment—Page   4   of   8

DEFENDANT:  EDWARD ARTHUR OWENS, JR.
CASE NUMBER:  2:25-cr-190-001

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision.  These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1.  You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2.  After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3.  You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4.  You must answer truthfully the questions asked by your probation officer.
5.  You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6.  You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7.  You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so.  If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8.  You must not communicate or interact with someone you know is engaged in criminal activity.  If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9.  If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10.  You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11.  You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12.  If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction.  The probation officer may contact the person and confirm that you have notified the person about the risk.
13.  You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____   Date _____

AO 245B (Rev. 11/25)    Judgment in a Criminal Case
Sheet 3B — Supervised Release

Judgment—Page __5__ of __8__

DEFENDANT:   EDWARD ARTHUR OWENS, JR.
CASE NUMBER:   2:25-cr-190-001

## ADDITIONAL SUPERVISED RELEASE TERMS

1.  You must not have direct or indirect contact with the victim in this case or any other member of the victim's immediate family to include, but not limited to his/her children, spouse, parents, or other persons restricted by the probation officer. This includes all forms of contact (that is, telephonic, electronic text, social media, email, verbal, and physical). You must not initiate contact with the victim through third parties.

2. You shall submit your person, property, house, residence, vehicle, papers, computer devices, other electronic communications, network or cloud storage, data storage devices or media, or office to a search, conducted by a United States Probation or Pretrial Services Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision.  Failure to submit to a search may be grounds for revocation.  You shall inform other occupants that the premises may be subject to searches pursuant to this condition.

3. You must permit confiscation and/or disposal of any material considered to be contraband or any other item which may be deemed to have evidentiary value of violations of supervision.

4. You must undergo a mental health evaluation and follow the recommendations of that evaluation, including any recommendation that you participate in an inpatient and/or outpatient mental health treatment program and/or anger management.  You must follow the rules and regulations of the treatment program until satisfactorily discharged from the treatment program by the treatment provider and your discharge from the treatment program is approved by the United States Probation Office.  The Probation Officer will supervise your participation in any recommended treatment program, including, among other things, determining provider, location, modality, duration and intensity of the treatment program. You must contribute to the costs of services in an amount determined by the probation office and approved by the court. These costs shall not exceed the actual cost of the service and will be based upon your ability to pay.  The Probation Office may provide a copy of the Presentence Investigation Report to the mental health evaluator and mental health treatment provider, if so requested.

5. You must take all mental health medications that are prescribed by your treating physician.  You must pay the costs of the medication.

6. You must undergo a substance abuse evaluation and follow the recommendations of that evaluation, including any recommendation that you participate in an inpatient and/or outpatient substance abuse treatment program. You must follow the rules and regulations of the treatment program and remain in treatment until satisfactorily discharged from the treatment program by the treatment provider and your discharge from the treatment program is approved by the United States Probation Office. The Probation Officer will supervise your participation in any recommended treatment program, including, among other things, determining the provider, location, modality, duration, and intensity of the treatment program. You must contribute to the costs of services in an amount determined by the probation office and approved by the Court. These costs shall not exceed the actual cost of the service and will be based upon your ability to pay. The Probation Office may provide a copy of the Presentence Investigation Report to the substance abuse evaluator and substance abuse treatment provider, if so requested.

7. You must not use or possess any controlled substances without a valid prescription. If you do have a valid prescription, you must disclose the prescription information to the probation officer and follow the instructions on the prescription.

8. You shall not possess or consume alcohol.

9. You must not knowingly purchase, possess, distribute, administer, or otherwise use any psychoactive substances (e.g., synthetic marijuana, bath salts, etc.) That impair a person's physical or mental functioning, whether or not intended for human consumption, except with the prior approval of the Probation Officer.

AO 245B (Rev. 11/25)    Judgment in a Criminal Case
Sheet 3C — Supervised Release

Judgment—Page    6    of    8

DEFENDANT:   EDWARD ARTHUR OWENS, JR.
CASE NUMBER:   2:25-cr-190-001

## ADDITIONAL STANDARD CONDITIONS OF SUPERVISION

10. You are ordered to participate in cybercrime management and will inform your officer of all computer devices possessed or accessible to you. This includes (a) desktop or laptop computers; (b) smartphones, smart watches, and tablets; (c) smart appliances/internet of things (iot) devices, including hub or personal assistant devices; and (d) all network accessing devices, including internet-connectable gaming systems. You will not acquire or access any new or additional computer devices unless approved by your officer. You will also inform your officer of all your computer devices, internet service provider (ISP), and social media user accounts (local and on-line services), both upon entering supervision and in the event that you create or receive additional user accounts.

11. You are permitted use of standard computer device(s) (desktop/laptop computers, smart phones/tablets) with internet access and will permit the U.S. Probation/Pretrial Services Office (USPPSO) to configure, manage, and install monitoring software on all your approved standard computer devices. Your standard computer device(s) are limited to those that can be configured, managed, and monitored by the USPPSO. The configuration, management, and monitoring of your standard computer devices shall be specific to your court-ordered conditions, risk and needs, and cybercrime management requirements. You are responsible for all computer monitoring and/or management costs for your approved computer devices.

12. Non-standard computer devices possessed or accessible to you (such as smart tvs, refrigerators, game systems, and personal assistants) shall be assessed by the U.S. Probation/Pretrial Services Office (USPPSO) for risk and need of use. You must permit the United States Probation and Pretrial Services Office (USPPSO) to configure and/or manage approved non-standard devices for compliance with your Court ordered conditions and cybercrime management requirements. Non-standard computer devices that are not able to be configured and/or managed, or which are assessed as being of substantial risk to the successful completion of supervision, may be prohibited.

13. You may access publicly accessible computer devices for legitimate transactional purposes (such as atms, kiosks, and point of sale terminals). With the awareness and approval of your officer, you may also use specialized computer devices outside your residence (i.e., employment agency, work search, and employers' computer devices) but only for their intended use.

14. You may be limited to two standard computer devices (desktop/laptop computer, smart phones/tablets), unless otherwise approved by your Probation Officer.

15. You are responsible for all computer monitoring and/or management costs for your approved computer devices.

16. You must allow the U.S. Probation/Pretrial Services Office to conduct initial and periodic unannounced searches of any computer devices or networked systems used or possessed by you. Initial searches of computer devices and networked systems will be conducted to determine if they contain or allow access to any materials or capabilities which would violate the Court's ordered conditions; or programs/applications, settings, configurations that would be problematic for monitoring software (if ordered) and cybercrime management program requirements. Periodic unannounced searches of these devices and systems will be conducted to verify that the monitoring software is functional (if ordered), that required configurations are unaltered, and that no circumvention efforts have been made to alter the device's operation(s) or functionality.

17. You shall cooperate in the collection of DNA as directed by the probation officer, pursuant to title 28, C.F.R., section 28.12, the DNA Fingerprint Act of 2005, and the Adam Walsh Child Protection and Safety Act of 2006.

AO 245B (Rev. 11/25)    Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

Judgment — Page ___7___ of ___8___

DEFENDANT: EDWARD ARTHUR OWENS, JR.
CASE NUMBER: 2:25-cr-190-001

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| **TOTALS** | $ 200.00 | $ | $ | $ | $ |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below.  However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss*** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| **TOTALS** | $ 0.00 | $ 0.00 | |

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f).  All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the    ☐ fine    ☐ restitution.

☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 11/25)  Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

Judgment — Page  8  of  8

DEFENDANT:  EDWARD ARTHUR OWENS, JR.
CASE NUMBER:  2:25-cr-190-001

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A**  ☑  Lump sum payment of $  200.00  due immediately, balance due

☐  not later than _____ , or
☑  in accordance with  ☐ C,  ☐ D,  ☐ E, or  ☑ F below; or

**B**  ☐  Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

**C**  ☐  Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of
_____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D**  ☐  Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of
_____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a
term of supervision; or

**E**  ☐  Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from
imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**  ☑  Special instructions regarding the payment of criminal monetary penalties:

  $200 special assessment due immediately.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

| Case Number<br>Defendant and Co-Defendant Names<br>*(including defendant number)* | Total Amount | Joint and Several<br>Amount | Corresponding Payee,<br>if appropriate |
|---|---|---|---|
| | | | |

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☑  The defendant shall forfeit the defendant's interest in the following property to the United States:
Per Order of 6/8/26, a Smith & Wesson, model M&P 9 Shield, 9mm caliber pistol, bearing serial number JCK8714; and ammunition of various calibers; one red iPhone SE, Model MMX73LL/A, serial no. JK65T2XGYF; one black iPhone 8, Model MQ722LL/A, serial no. FFPZJEEWJC6C; and one gold iPad Mini 4, Model MK9Q2LL/A, serial no. F9FQN17WGHKL

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.